

# VIRGINIA TORT

## VA. CODE § 8.01-195.6

## NOTICE OF CLAIM

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 24 2022

JULIA C. DUDLEY, CLERK
BY: A Beeson
DEPUTY CLERK

Full Name: Ralph Taylor, Jr

Inmate ID #: 1064683

Address: Greensville Correctional Center
901 Corrections Way
Jarrett, VA 23870

7:22CV35 (D)

To: U.S. District Court
315 Church Ave SW #2
Roanoke, VA 24016

## TYPE OF CLAIM

[ ] Depravation of or Damage to Personal Property

[ ] Personal Injury

[ ] Mental Anguish or Emotional Distress

[ ] Negligence

[ ] Malpractice { } Legal { } Medical

[X] Other (Specify) Against VA Parole Board/8th Amendment violated

②

Pursuant to the provisions of the Virginia Tort Claims Act, Va. Code § 8.01-195.6, I respectfully notify you of the following: (*Be specific. List ALL details: Who, What, When, Where, How, and Why*). (*Full name and address of agency or entity and exact location of incident. attach additional sheets if needed*).

See, attached legal documents.

# FACTS

③

On 10-19-21, Tonya Chapman (Chair of parole board), Kemba Smith (parole member) Linda Bryant (parole member), Jean Cunningham (parole Board member) and A. Lincoln James (parole member), had their paralegal: Carmen Barrios, to video record and interview me for parole consideration. Upon interviewing me I wasn't interviewed about nothing remotely relating to the basis of my maturity, rehabilitation and the Lesser culpability of me as a Juvenile offender in accordance with Va Code Statue: 53.1-165.1. Nor was I even eligible for a parole interview hearing because I haven't served 20 years yet on 10-19-21, which is required by law of Va Code 53.1-154, pursuant to subdivision 2 of 53.1-136. Because I'm not eligible for parole hear until after 2-19-22 because I was incarcerated 2-19-02.

On 11-24-21, Parole Board Considered Factors based on the "old law" adult offender parole Statue in accordance with Va Code 53.1-155 and decided not to grant parole based on: #1, I Should serve more of sentence



#2. Crimes Committed, #3. Extensive criminal record.

On 11-30-21, I received notice on Board's decision, Upon my review of the Board's decision parole letter I realized it supports the fact that the Board didn't adjudicate me as a Juvenile Offender, which is required by the law Statue for Juvenile Offenders such as myself in accordance with Va. Code 53.1-165.1.

On 12-3-21, I exercised my right to appeal decision for the following and Stated reasons, which is the purpose of Filing Complaint against parole Board, Board was negligent and significantly errored for failing to follow rules, procedures, Va. Code statues, and law required that governors the Juvenile Offender Cases, which resulted in Parole Board violated my 8th Amendment, which is the protection against cruel an unusual punishment, which I suffer from due to the Stated circumstances.

## Explanation

It is apparent from the paralegal interview and reviewing parole Board denial of parole letter that I wasn't adjudicated as a Juvenile Offender in accordance to Va. Code statue section 53.1-165.1 or Graham V. Florida

However, apparently, the Board only investigated me on release factors in accordance with Va. Code 53.1-155, which is the normal basis for regular adult Offenders investigation factors, not Juvenile Offender investigation factors in accordance with 53.1-165.1, because the "denial document letter notice," says so, and doesn't address anything remotely related to the Juvenile Offender factors of Maturity, rehabilitation, and the Lesser Culpability of Juvenile Offenders as required by state law. See, second and third paragraphs of (exhibit "A" parole denial document).

Usually, when legal cases are being adjudicated the decision rendered on reply

cites and addresses Juvenile Statue
Code section, rules, procedures or laws
in accordance with the Case and
shows how or not the Statue Code,
rules, procedures or law applies to your
Case on the basis of how they rendered
their decision of a Case, which none of
that wasn't adequently applied to my
Case, as required by stated law omitted.

## Analysis

I, Mr. Ralph Taylor, was charged for Robbery and Shooting committed where nobody died while I was only 16 years old Juvenile, duties of the Board are Under Va, Code 53.1-165.1 of 2.(A) The relevant portions of the Statue provide: 2.(A) rules providing for the granting of parole to these prisoners who are eligible for parole pursuant to 53.1-165.1 on the basis of demonstrated maturity, rehabilitation, and the Lesser Culpability of Juvenile Offenders.
2.(B) provides: Juveniles who has served at least 20 years of sentence Shall be eligible for parole in accordance with Va. Statue Code 53.1-154 and rules adopted pursuant to subdivision 2 of 53.1-136; (powers and duties of parole Board)

The Statue does not define what Constitutes "Maturity", "rehabilitation", and "Lesser Culpability of Juvenile Offenders." Therefore, usually in these legal matters, Consulting Case law to determine how the U.S. Supreme Court have defined the terms in

Cases where the basis is demonstrated Maturity, rehabilitation, and the Lesser culpability of Juvenile Offender is apparently neccessary or should have been apparent to Utilize to the Va. Parole Board. A Case to point is Graham V. Florida, 560, U.S. 48, 130 S. C. t. 2011 (2010)

In this Case, the defendant Committed a Robbery at 16 years like my Case, and was Convicted, sentenced to life without parole.

On appeal, U.S. Supreme Court held the following factors for those adjudicating Juvenile Offenders to follow these factors: Children are fundamentally different from adults and categorically less deserving of the harshest "forms" of punishment.

In Graham, U.S. Supreme Court held that Juveniles couldnt be sentenced to life without parole for nonhomicide offenses, 560 U.S. at 81.

In my Case, I was given a Parole

⑨

hearing interview, due to legislative
mandates. In light of the parole hearing,
it appears that there is a sufficient
basis to support I wasn't interviewed
or adjudicated by the parole Board or
Parole Board's paralegal on the basis of
demonstrated maturity, rehabilitation, and
Lesser Culpability of Juvenile Offender in
Violation of Va. Code section 53.1-136,
2.(A) pursuant to 53.1-165.1 and
2.(B) in accordance with 53.1-136
and 53.1-165.1. which Ultimately
Violated my 8th Amendment, which is the
right to protection against cruel an unusual
punishment.

In applying the U.S. Supreme Court holdings to my case relating to the Lesser Culpability of Juvenile Offenders, which the Board Ultimately failed to apply, Parole Board must apply the following factors upon considering releasing Juvenile Offenders for parole held in Graham:

#1. <u>Children are Categorically less deserving of the harshest "forms" of punishment.</u>

The Supreme Court recognized that: Juveniles are more capable of change than are adults, their actions are less likely to be evidence of "irretrievably depraved character" than are the actions of adults. Roper 543 U.S. at 570. It remains true that from a moral Standpoint it would be misguided to equate the failings of a minor with those of an adult, for a greater possibility exists that a minor's character deficiencies will be reformed."......Id. Graham, acknowledged that the salient characteristics

of youth - the lack maturity, evolving character, vulnerability and susceptibility to negative influences and external pressure would make it "difficult even for expert psychologists to differentiate between the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption" Graham, 560, U.S. at 68 (quoting Roper, 543 U.S. at 573). Accordingly, the Court recognized that "Juveniles Cant with reliability be classified among the worst offenders," and that although "a Juvenile is not absolved of responsibility for his actions....his transgression "is not as morally reprehensible as that of an adult." Graham, 560 U.S. at 68 quoting Thompson v. Oklahoma, 487 U.S. 835 (1988) (plurality opinion). Therefore, for the Virginia parole Board, to deny parole grant based primarily on "crimes committed," Extensive criminal record, and that I should serve more of sentence is in fact classifying a Juvenile

Offender among the worst offenders, because the worst offenders are considered a threat to public safety and the citizens of Virginia. (See, exhibit Parole Denial letter), paragraph four stated, "basically my rehabilitation needs don't meet the needs of public safety of Virginia Citizens," which is classifying me as the worst adult offender, with no consideration or respect to the factors held in Graham. Now lets talk about rehabilitation I have successfully completed the following rehabilitation factors: Obtained G.E.D, Obtained Diploma with "highest honors" as a paralegal/Legal Assistant. (I help every prisoner with their legal concerns), See exhibits, Completed "Cognitive Self Change program", Completed "Anger Management program", Completed Breaking Barriers drug an alcohol program, Completed productive citizenship program (meaning that Treatment program Supervisors believe I'd be a productive Citizen Upon release) and I Completed Christian self change program called "Kairos", and even got

(13)

Baptised, with certificate to prove all of the above, I even got bible study completion certificates.

On 10-19-21, Upon the parole Board's paralegal interviewing me, Carmen Barrios, she failed to take into account my maturity, my rehabilitation relating to education, programs, and that I have became a different person, Ms. Carmen Barrios, never asked me anything remotely related to my culpability and being less deserving of blame, wrong, or most severe punishment of me being a Juvenile Offender. Therefore, as a result, the Board, Ultimately, failed to conform to the factor's laid out in Graham and the Juvenile law statue in accordance with Va. Code 53.1-165.1. Instead Im being classified as the worst offender and that I pose a threat to every Virginia Citizen, and punished me by denying parole, sentencing me to serve more of the sentence with the worst adult offenders.

Thus, the Supreme Court underscored that because Juveniles are more likely to be reformed than adults, the "Status to Classify the Offenders" is central to the question of whether a punishment is of the harshest is constitutional. Id at 68-69 of Graham 560 U.S. 48 (2010).

Therefore, my 10-19-21, Parole hearing wasn't a "meaningful Opportunity to Obtain release," and was unconstitutional regardless If I was given a parole hearing, because it didn't conform to the stated factors that the board was suppose to apply to me as a Juvenile Offender, which is laid out in Graham V. Florida, 560 U.S. 48 (2010). Therefore, is unconstitutional, under the 8th Amendment. For me, as a Juvenile offender to serve more of a 63 year sentence is constituted as a de facto life sentence without a meaningful opportunity to obtain release, which is unconstitutional under Graham. A Juveniles release in his 40's, 50, 60's are

barred by Miller. Id at 74 (See
Miller V. Alabama, 132 S. Ct. 2455) (2012)

On 11-24-21, Virginia parole Board,
decided I'd be a threat to society.
However, most Juveniles would no
longer be a public safety risk once
they reached their mid-twenties, let
alone their thirties, forties, fifties, or
sixties. Because most Juveniles are
likely to outgrow their antisocial
and criminal behavior as they mature
into adults, which in my case Virginia
Parole Board failed to adjudicate me
as a Juvenile Offender to assess my
maturity is appropiate for release,
which violated requirements in accordance
with Va. Code 53.1-165.1. Or the
platform laid out in Graham FOR parole
Boards to follow and apply to Juvenile
Offenders, In my case I have received
Vocational training, programming and
treatment as stated, which all that
fosters rehabilitation. See, e.g. Graham
560 U.S. at 74 (noting the importance
of "rehabilitation opportunties or treatment"

to Juveniles, who are most in need of
and receptive to rehabilitation). A
meaningful opportunity for release must
mean more than simply release to die
outside of the prison walls: it should
provide opportunity to live a meaningful
life in the community and meaningful
to contribute to society. Meaningful
envisioned by Graham, means start
a Meaningful family, start a meaningful
Career, If I serve more of sentence
which parole Board deemed as shall
be my punishment, then women my age
mostly can't have a baby in their
late thirties, forties, let alone fifties.
Therefore, it deprives me of starting a
meaningful family. And most businesses
would rather hire a young, fresh out
of College graduate than hire me in
my late thirties, forties, let alone
fifties, therefore, the "meaningful
opportunity" the U.S. Supreme Court
envisioned, was violated by Virginia
Parole Board, in my Case as stated
Board violated rules, procedure, laws
to render their decision, which violates

(17)

My 8th Amendment relating to Miller V. Alabama, Graham V. Florida, Roper V. Simmons, and Montgomery V. Alabama.

On 10-19-22, upon Carmen Barrios interviewing me, she didn't evaluate me by noting any changes in my Juvenile Maturation, progress, and performance, to confirm that I received Vocational training, programming and treatment that foster maturity, See Va. Code 53.1-165.1, which states that shall be basis for Juvenile Offender, as a result this entire process violated my 8th Amendment and Va State laws stated.

Parole Board could deny me parole for next 36 years and give reasons they did, without noting or realizing my growth, maturity, and that I am fit to rejoin society, there is no evidence present to suggest that I would be a risk to society or threat, my rehabilitation, progress, maturity and lesser culpability as a Juvenile Offender that they failed to properly take into account that are laid out in Graham, were violated

18

with no regard or respect to my $\lor$ 8th
Amendment right to protection against
cruel an unusual punishment," to me as
a Juvenile kid offender.
Miller V. Alabama, held "take into account
how children are different than adult
offenders," not taking that into account
when deciding parole violates my 8th
Amendment. The Board must take into
account my lessened culpability, "greater"
"capacity for change" and individual
characteristics before imposing the harshest
sentence, which in my Case was to deny
parole, sentencing me to serve more time
without fulfilling their duties requirements.
Miller. 132 S. Ct. at 246 (quoting
Graham, 560 U.S. at 68, 74).

On 11-30-21, upon receiving and
reviewing parole boards decision, the
board didn't say they took into account
the factors they must, that are laid
out in Miller V. Alabama, 132 S. Ct.
at 2469, #1. Juvenile's chronological
age and related immaturity, impetuosity,

and failure to appreciate risks and consequences;" (2) Juveniles "family and home enviroment that surrounds Juvenile;" (3) the circumstances of the offense of Juvenile offender, participation in the conduct and way familial and peer pressures may have affected me as a Juvenile Offender (none of this was assessed at my parole interview neither); (4) the incompetencies associated with my youth in dealing with law enforcement and a criminal Justice System designed for adults and (5) "the possibility of rehabilitation." Id at 2468 of Miller V. Alabama. Prior to sentencing me as a Juvenile offender to serve more time, the Parole Board must consider how these factors impact the Juvenile's overall Culpability. Id at 2469.

Upon Parole Board reviewing my case, they didn't take into account before sentencing me to serve more time, That the U.S. Supreme Court has established that Juveniles are developmentally different and less mature than adults, the Parole Board acting as a sentencer must presume that a Juvenile Offender lacks the maturity, impulse-control, and decision making skills of an adult. Indeed, it would be the unusual Juvenile Whose participation in criminal conduct is not closely correlated with his immaturity, impulsiveness, peer pressure as a young teen, emotional and physically immaturity, and underdeveloped decision making skills. Therefore, the Parole Board acting as a sentencer must presume Juvenile Offender lacked adult maturity, lacked adult rehabilitation at time of offense. See, also Roper, 543 U.S. at 553 (Three general differences between Juveniles and adults demonstrate Juveniles cannot be classified among the worst Offenders. Juveniles therefore, cannot

be Classified as posing a threat
to public saffy and citizens after
decades in prison whom in my
Case have Completed rehabilitative
programs, went back to school earned
G.E.D, and graduated from Stratford
with highest honors as a legal
Assistant/paralegal. In reality,
Juveniles struggled to define our
identity, our identity then wasn't
well formed or fixed because I lacked
maturity, this means it is less
supportable to conclude that even
a heinous crime committed by a
Juvenile is evidence of irretrievably
depraved Character; GRaham, 560
U.S. at 68-69. ("As Compared to
adults, Juveniles lack of maturity and
an underdeveloped sense of responsibility."
They "are more vulnerable or susceptible
to negative influences and outside
pressures, including peer pressures;
and their characters are" not as well
formed".... No recent data provide
reasons to reconsider the U.S. Supreme
courts observations in " Roper" about

the nature of Juveniles... developments in psychology and brain science continue to show fundamental differences between Juvenile and adult minds. For example, parts of the brain involved in behavior control continue to mature through late adolescence. Juveniles are more capable of change than are adults, and their actions are less likely to be evidence of "irretrievably depraved character" than are the actions of adults. It remains true that from a moral standpoint it would be misguided to equate the failings of a minor with those of an adult, for a "greater possibility exists that a minor's character deficiencies will be reformed"; Miller, 132 S.Ct. at 2458 ("And because a child's character is not as "well formed" as an adult's, his traits are "less fixed" and his actions are less likely to be evidence of irretrievable depravity").

(23)

When considering my "home and family childhood life", don't ignore mitigating factors that I suffered physical abuse at the hands of my mother, father, mother's boyfriends, whom taught me back then that Violence was the answer, However, prison taught me that violence is never the answer, Parole Board failed to take into account physical abuse a child suffers goes into a Juvenile offender's Culpability at an impressionable age when a young Juvenile mind is struggling to form and find its true identity. Certainly my childhood wasn't one to be envied, I grew up poor, lived in the projects and houses, Parole Board failed to investigated this on basis of Culpability is Lesser for Juvenile offender, there is no evidence credible that I will be less of a threat to Public safety or Virginia Citizens at large 5, 10, 15, or 20 years from now in Virginia State Correctional Custody than there is today because I have successful completed rehabilitation programs, educational

Programs, maintain a Job, I'm in the
Honor Pod in prison, and I follow
all rules, procedures, and pose no
threat to society members coming
into prison everyday to work here,
nor do I pose a threat to inmates, and
to even become a paralegal demonstrates
I'm concerned with helping people, and
assistanting those in need, If that's not
maturity, rehabilitation, then what is?
Board failed to consider anything
within this petition and apply it to
my review on parole decision, including
failing to adjudicate on "lessened
Culpability," and "greater Capacity
for change," before deeming that I
should be sentenced to serve more
of the 36 year sentence I have
left from the 63 year sentence I've
been serving since February 19, 2002.
, which violated my 8th Amendment in
accordance with Va. Code 53.1-
165.1. I should be released and at
least given the chance like so many
adult offenders are granted parole
release

To treat me like you do most adult Offenders and not take into account what's required by Juvenile Offender parole law statue and not implement any Juvenile procedures to safeguard that the lesser Culpability is applied and Just deny me parole like you do to those that committed crimes as adults, for you to do that to me for the next 36 years is a death sentence, which is equivalent to "Roper V. Simmons, 543 U.S. 551 (2005), which set law against sentencing Juvenile offenders to die in prison, due to cruel an unusual punishment, of the 8th Amendment, only provides me "no hope."



26

## RELIEF REQUESTED

### (List the exact relief or redress you are seeking)

#1. I want Board to implement a day were only Juvenile Offenders are adjudicated, dont hold Juvenile hearing Same day as adult Offenders.

#2. I want Board to adjudicate me/Us in accordance with whatever U.S. Supreme Court Case I/we fall under and take into account the Maturity, rehabilitation and Lesser Culpability factors laid out in Miller V. Alabama, 132 S.Ct. at 2469

#3. I want to not be Classified or treated as the worst Offender and Ultimately released.

#4. I want Compensation for mental anguish, Stress, pain, Suffering, money spent on Commissary, phone, Kiosh, and money would have made if board would have adjudicated me properly and realized Im fit for release. I want $3,000,000.

I certify under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief. I further certify that I have exhausted all remedies available to me under the Adult Inmate Grievance Procedure of the Virginia Department of Corrections. An affidavit certifying this fact is attached along with copies of all my grievance documents and appeals.

RALPH TAYLOR, JR

Plaintiff

(27)

# CERTIFICATE OF ACKNOWLEDGEMENT

City/County of _Greensville_, Commonwealth of Virginia

The foregoing instrument was acknowledged before me this _16_ day of _December_ _2021_ by _RALPH TAYLOR, JR_ (name of person seeking acknowlegment)

_Lynn Driver_ (Notary Public)

_7013266_ (Registration Number)

Commission expires _March 31, 2022_



LYNN DRIVER
NOTARY PUBLIC
Commonwealth of Virginia
Registration # 7013266
My Commission Expires: 3/31/2022

VIRGINIA:

In the _U.S. District_, Court for the City/County of _Roanoke_.

_RALPH TAYLOR, JR_
Plaintiff

v
_Tonya Chapman, Chair_
_VA PAROLE BOARD_
Defendant.

Civil Action Number: _____

_Ralph Taylor Jr_
_12-16-21_

(28)

# **AFFIDAVIT**

I _RALPH TAYLOR, JR_, certify that I have fully exhausted all remedies available to me under the Virginia Department of Corrections, Adult Inmate Grievance Procedure, regarding the above referenced complaint. Copies of my grievance documents and appeals are attached as proof of my exhaustion of the Grievance Procedure.

Respectfully Submitted,

_RALPH TAYLOR JR_

Plaintiff/Affiant

## **CERTIFICATE OF ACKNOWLEDGEMENT**

City/County of _Greensville_, Commonwealth of Virginia

The foregoing instrument was acknowledged before me this _16_ day of _December_ _2021_ by _RALPH TAYLOR, JR_ (name of person seeking acknowlegment)

_7013266 Lynn Driver_ (Notary Public)

_7013266_ (Registration Number)

Commission expires _March 31, 2022_

LYNN DRIVER
NOTARY PUBLIC
Commonwealth of Virginia
Registration # 7013266
My Commission Expires: 3/31/2022



Ralph Taylor, Jr
12-16-21

(29)

Date: __12-16-21__

__RALPH TAYLOR, JR #1064683__          __U.S. District Court__
__Greensville Correction Center__        __315 Church Ave Sw #2__
__901 Corrections Way__                __Roanoke, VA 24016__
__Jarrett, VA 23870__

**Dear Clerk:**

Enclosed is a Motion for Judgment and related documents which I ask be filed with this court. I am an inmate confined in a correctional facility. I ask that this case be filed In Forma Pauperis as set forth in the enclosed motion. I cannot arrange for service of process by myself. Therefore I ask that the court make service of process on the Office of the Attorney General, in accordance with Va. Code § 8.01-694. Thank you for you assistance in this matter. If you have any questions or if there are any discrepancies, please contact me in writing at the above address.

With best regards, I remain,

Sincerly,

RALPH TAYLOR, JR

Mr. Ralph Taylor, Jr. #1064683
Greensville Correctional Center
901 Corrections Way
Jarrett, VA 23870

We
21
R

ZIP 23870
02 4W
0000376533 JAN 20 2022
$ 003.36

$3.16

estern U.S. District Court
O Franklin Road suite 3
panoke, VA 24011